Per Curiam.
The plaintiff shows a fair ground of action, having parted with his property on the faith of the defendant’s promise. We think the promise is not within the statute of frauds.[1] It is a separate, independent agreement, having no reference to the debt of Newell, except as to the measure of damages. The defendant was not to pay the debt of Newell, but was to give notice, previously to making a settlement with him, which would enable the plaintiff to obtain payment of his demand. Whether Newell paid the debt or not, the promise of the defendant would remain to be performed.
The second objection made by the defendant is not sustained. We see no reason why a debtor of an insolvent person may not give a creditor of such person an opportunity to secure himself. The property of the insolvent person is applied to the payment of his own debt. There is no illegality or impropriety in such a transaction : not more than in the law itself, whi:-. allows a preference among creditors.
Judgment on the verdict.

 See Chitty on Contr. (4th Am. ed.) 405 et seq.